NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK OLIVARES-CALIXTO, | No. 16-71664 |
| Petitioner, | Agency No. A087-522-423 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2017
Portland, Oregon

Before: FERNANDEZ, W. FLETCHER, and MELLOY,** Circuit Judges.

Erik Olivares-Calixto, a native and citizen of Mexico, petitions for review of

an immigration judge's (IJ) decision that affirmed an asylum officer's (AO)

negative reasonable fear determination. Olivares-Calixto expressed a fear of

returning to Mexico during proceedings to reinstate a prior order of removal. He

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

alleged a fear of persecution as a member of "a particular social group," 8 U.S.C. § 1231(b)(3)(A), based on his gang tattoos and former gang membership, culturally American upbringing, and status as a "pocho" (a returning, seemingly non-native Mexican). He also alleged a fear of torture. We deny the petition.

We review factual findings underlying an IJ's negative reasonable fear determination for substantial evidence. Andrade-Garcia v. Lynch, 828 F.3d 829, 833 (9th Cir. 2016). Here, we repeat the facts known to the parties only as necessary to explain our decision. We review questions of law *de novo*. Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007). "Whether a group constitutes a 'particular social group' is a question of law." Pirir-Boc v. Holder, 750 F.3d 1077, 1081 (9th Cir. 2014).

I

To qualify for withholding of removal, Olivares-Calixto must show his "life or freedom would be threatened" in Mexico on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Olivares-Calixto claims to be a member of the particular social group: "Americanized, male, tattooed, recent gang apostates."

Our court has made clear that Americanized individuals do not constitute a particular social group. See Ramirez-Munoz v. Lynch, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (holding that neither "actual or imputed wealthy Americans" nor

2

"those who are light-skinned, fit, and have American mannerisms or accents" constitutes a particular social group); Delgado-Ortiz v. Holder, 600 F.3d 1148, 1150–52 (9th Cir. 2010) (per curiam) (holding that "Mexicans returning home from the United States who are targeted as victims of violent crime" are not a particular social group). We also have held, generally, that former gang members or persons with gang tattoos do not qualify as a cognizable social group. See Arteaga, 511 F.3d at 945–46 (holding that a "[t]attooed gang member" does not qualify as a member of a particular social group for purposes of withholding of removal, and "the category of non-associated or disaffiliated persons . . . is far too unspecific and amorphous to be called a social group, whether that person is tattooed or not"). While the Ninth Circuit has not yet discussed the term "pocho," we sufficiently addressed the underlying concept in Delgado-Ortiz and Ramirez-Munoz.

Finally, while Olivares-Calixto adds together elements of his identity in an attempt to create a narrowly defined social group, the sum of these parts, regardless of their narrowness, does not qualify as a "particular social group." See Arteaga 511 F.3d at 942 (noting the court should not be "misled by expansive and abstract definitions of the term 'social group' to the extent that the application of such a definition fails to comport with the manifest legislative purpose of the law and its language"). As Olivares-Calixto failed to demonstrate membership in a statutorily

3

protected group, the IJ correctly determined Olivares-Calixto is ineligible for withholding of removal, and, therefore, could not establish a reasonable fear for withholding purposes.

## II

To qualify for protection under the Convention Against Torture, Olivares-Calixto must demonstrate "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." Andrade v. Lynch, 798 F.3d 1242, 1245 (9th Cir. 2015) (per curiam) (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 208.18(a)(2). Given the facts, Olivares-Calixto's past experiences in Mexico do not rise to the level of torture, and his claims of future torture are speculative. Without facts supporting the existence of torture or future risk of torture, we conclude substantial evidence supports the IJ's finding that Olivares-Calixto did not demonstrate a reasonable fear of torture.

## III

Olivares-Calixto also raises a due process issue, arguing the AO and IJ did not adequately analyze the arguments and expert evidence. While the IJ could have provided additional detail in his order, further analysis was not necessary to meet the requirements of due process. Due process is a flexible concept applied

4

situationally.  See Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976).  Here, the process afforded Olivares-Calixto, an alien with a reinstated order of removal, is viewed in light of the more substantial process already received in the initial removal proceeding.  See Alvarenga-Villalobos v. Ashcroft, 271 F.3d 1169, 1174 (9th Cir. 2001).

Olivares-Calixto was represented by counsel during the AO interview and two hearings before the IJ.  In the first hearing, the IJ gave counsel for Olivares-Calixto an option to either postpone the second hearing to accommodate in-person expert testimony or submit written affidavits.  Counsel opted to submit affidavits.  In the second hearing, the IJ noted he had considered Olivares-Calixto's brief, documentary evidence, and two expert reports.  The IJ's verbal and written orders cite factually analogous and legally on-point Ninth Circuit precedent and reflect an application of the facts and arguments found in the record.  Finally, as the IJ's review of the AO's initial negative reasonable fear determination is *de novo*, 8 C.F.R. § 1003.42(d), and the IJ addressed both of the expert opinions on the record, an argument as to a possible AO inconsistency is ultimately insignificant.  For these reasons, Olivares-Calixto was afforded a fair hearing that comports with the requirements of due process.

This petition is **DENIED.**